### HOLLEMAN *vs.* HOLLEMAN.

Temporary alimony pending an action for permanent alimony, does not cease with the verdict and judgment in the superior court, where the case is brought to the Supreme Court, but continues (within the discretion of the court) until the termination of the litigation in all the courts.

(*a.*) When the permanent alimony is realized, the equities between the litigants in respect to setting off the temporary alimony pending the litigation against permanent alimony for the same time, can be adjusted, and these may vary according to the nature of the permanent provision and the circumstances of each case.

October 24, 1882.

Alimony. Husband and Wife. Before Judge SIMMONS. Houston Superior Court. April Term, 1882.

Mrs. Holleman filed a bill against her husband for permanent alimony, and pending the case, filed her petition for temporary alimony. This was granted July 4, 1879, and the defendant was ordered to pay to the complainant twenty dollars per month. On April 22, 1880, the main case was tried, and resulted in a verdict and judgment vesting in the wife one-half of the property of the husband described therein. To this judgment the defendant excepted, and carried the case to the Supreme Court, where the judgment was affirmed. After the trial and verdict finding permanent alimony, the defendant failed to pay temporary alimony. On the return of the *remittitur* from the Supreme Court, it was entered; and complainant moved for an attachment to compel the defendant to pay the installments of temporary alimony falling due from the date of the verdict to the entering of the *remittitur*. On the hearing, the court ordered this to be done, and defendant excepted.

DUNCAN & MILLER, for plaintiff in error.

DAVIS & RILEY; HALL & GILES, for defendant.

JACKSON, Chief Justice.

The sole point for review made in this record is, whether temporary alimony, pending an action for permanent alimony, ceases with the verdict and judgment in the superior court, or continues until the termination of the litigation in this court by an affirmance of the judgment below.

By section 1737 of our Code, temporary alimony may be granted in applications for permanent alimony as well as suits for divorce, pending the cause. The cause is pending just as long as it is litigated, whether in the superior court or in this court, and the language of the statute settles the point.

If we go outside of the words of the act and look to its reason and spirit, the same conclusion is reached. The wife needs money to litigate in this court as well as in the superior court. She needs food and raiment as much pending the litigation here as there; and the reason on which the law bases her temporary alimony is the need she has of these necessaries, as well that she may live as that she may litigate.

It may be that she cannot retain both permanent and temporary alimony, because the latter, when realized, dispenses with the former; but until she realizes the permanent provision, she must have the temporary supplies.

That apparent conflict is easily harmonized when she does get the permanent provision; for then that, before it is paid over, may be reduced possibly by the other, or the temporary supplies be set off against the permanent provision, if both are furnished for the same period. The words of the Code, as well as the reason and spirit of the law of temporary alimony, settle the point made here beyond all doubt, however, and that is all we need now de-

cide. It is enough to rule that the temporary alimony of the wife continues until final litigation in all the courts, within the discretion of the court ; and when the permanent alimony is realized, then the equities between the litigants in respect to setting off one against the other for the same time, can be adjusted, and these may vary according to the nature of the permanent provision, whether in money or property, and under all the circumstances of each case.

Judgment affirmed.