## Keppel v. Keppel.

Under section 1733 of the code, the court can make a final disposi-
tion of children only where divorce is granted. Where the case
is terminated without a divorce being granted to either of the par-
ties, the court can exercise no such power, though the attempt to
exercise it be made during the term in which the final verdict,
refusing a divorce, was rendered.         *Judgment reversed.*
May 22, 1893.

Petition for custody of child. Before Judge Marshall
J. Clarke. Fulton superior court. September term,
1892.

On June 24, 1892, at the March term of the superior
court, Mrs. Keppel filed her petition to the judge of said
court, alleging that on June 23, 1892, the libel for di-
vorce by her husband against her was finally heard and
determined, and on this second or final trial a divorce
was refused him and the jury rendered a verdict in her
favor; that this was a final disposition of the case, and
her husband was the party in default; that there is one
minor child of the marriage, Beula, who is now in the
possession of her husband; that he is wholly unfit to
retain such possession, being a notorious debauchee, etc.
She prayed for the custody of the child, and offered to
give bond conditioned for its support, maintenance and
proper treatment. She further alleged that she and her
husband were living in a state of separation, and asked
for permanent alimony for the support of herself and
child, if the court should award her the child. The
court granted a rule *nisi* which was served on Keppel,
who at the next term answered that the matters and
things sought to be litigated were *res adjudicata*, having
already been heard and finally determined by the court,
which was of competent jurisdiction, in the divorce
cause; and that the charges against him made in the
petition were false and slanderous. At the hearing

movant introduced testimony in support of the allegations of her petition as to the unfitness of Keppel to have the custody of the child; and to the further effect that she was devoted to the child, had always treated the child kindly, had no property but would provide for it, and was a person fit to have its custody and rearing. Defendant put in evidence an order of June 4, 1891, entered in the divorce case, to the effect that the court adjudged that Mrs. Keppel had failed and refused to comply with a previous order, by which previous order conditions precedent to the award of the custody of the child to her were provided, and that the court ordered that the custody of the child be awarded to Keppel and that Mrs. Keppel deliver the child to Keppel, and that so much of the previous order as directed Keppel to pay to Mrs. Keppel money for the support of the child, be set aside. Also, an order of July 3, 1891, entered in the divorce case, to the effect that prayers of Mrs. Keppel in her petitions filed on June 19th and June 23d, 1891, be denied upon condition that Keppel should, by a time named, enter into a certain bond conditioned for the keeping of the child within the jurisdiction of the court during the pendency of the divorce proceedings, and upon the further condition that Mrs. Keppel be allowed to visit the child at reasonable and convenient times. Also, the written consent of Mrs. Keppel, dated November 18, 1891, at Baltimore, Maryland, consenting that the court by its order might permit the child to be removed from the jurisdiction of the court, just as if the order of July 3, 1891, had never been entered; and an order of November 20, 1891, carrying into effect this written consent and vacating the bond required of Keppel. Also, the two verdicts in the divorce case, the first of which, dated December 15, 1891, found in favor of defendant Keppel a total divorce, and the second dated June 22, 1892, finding that the prayer of the peti-

tioner, Keppel, be denied. After all the evidence had been received and the judge had announced that he would not hear from movant's counsel, defendant objected to the jurisdiction of the court over the case, there being no case pending, as he contended, between the parties for a divorce, the divorce proceedings having been finally disposed of, and therefore the court had no jurisdiction to hear and determine the motion seeking the custody of the child. Defendant also urged, that though the court originally had power, during the pendency of the divorce case, to award the custody of the child by the orders of June 4th and July 3d, 1891, yet when the order of November 20, 1891, was entered with the written consent of Mrs. Keppel, the child was permitted to be taken out of the jurisdiction of the court under authority of said order, and the court no longer had jurisdiction over the child and no right or power to change or further award its custody. The judge decided that he had jurisdiction over the motion, and ordered Keppel to deliver the child to Mrs. Keppel.

W. W. HADEN, for plaintiff in error.

ARNOLD & ARNOLD, *contra*.

---

### EICHBERG *v.* WARE & OWENS.

Though the evidence is in irreconcilable conflict, it amply warranted the verdict. That part of it which was objected to was admissible in rebuttal. In view of the evidence, of the whole charge as given and the amount of the verdict, there was no error in declining to charge as requested, and none in overruling the motion for a new trial.     *Judgment affirmed.*

May 22, 1893. By two Justices.

Complaint for damages. Before Judge WESTMORELAND. City court of Atlanta. September term, 1892.

Ware & Owens sued Mrs. Eichberg for $300 commissions which they alleged to be due them as real estate