MITCHELL *v.* MITCHELL.

| 97 | 795 |
|----|-----|
| 117 | 936 |
| 97 | 795 |
| 124 | 146 |
| 124 | 295 |
| 97 | 795 |
| 129 | 574 |

1. Where the defense of *res judicata* was made in resistance to a petition for temporary alimony by a wife against her husband, the same not having been instituted in connection with a pending libel for divorce, but in connection with a suit for permanent alimony based upon the ground that she had been abandoned and driven off by her husband and was living in a state of separation from him, such defense was not sustained by evidence showing no more than that, in an action for divorce brought by the wife against the husband after the alleged abandonment, etc., there was a verdict in his favor, it not appearing upon what ground or grounds the divorce suit was predicated, nor that any judgment or decree was ever entered upon such verdict.

2. It does not appear in the present case that there was any abuse of discretion in passing the order allowing temporary alimony. February 29, 1896.

Application for alimony, etc. Before Judge Gamble. Bulloch county. November 1, 1895.

*H. B. Strange*, for plaintiff in error.

*J. G. & D. H. Clark*, contra.

LUMPKIN, Justice.

In 1890, Mrs. Mitchell brought an action of divorce against her husband, and, during its pendency, made an application for temporary alimony, which was granted. It does not appear upon what ground, or grounds, the divorce suit was predicated. It does appear that a verdict therein was rendered in favor of the husband; but so far as the record before us discloses, no judgment or decree was ever

entered upon that verdict. Afterwards, in 1895, Mrs. Mitchell instituted, under the provisions of section 1744 of the code, a proceeding against Mr. Mitchell for permanent alimony, based upon the ground that, against her will, she had been abandoned and driven off by him, and was living in a state of separation from him. In connection with this suit for permanent alimony, she presented to the judge a petition for temporary alimony, the judgment upon which, allowing her five dollars per month and twenty-five dollars as counsel fees, is now the subject-matter of review.

This petition for temporary alimony made no reference whatever to any libel for a divorce, pending or otherwise. It was predicated upon so much of section 1737 of the code as authorizes an application for temporary alimony whenever a suit by the wife for permanent alimony is pending; and the petition distinctly alleges the pendency of her suit for permanent alimony, to which reference has been made above.

The answer of the respondent embraced two defenses: First, that of *res judicata*, based upon the verdict which had been rendered in his favor in the divorce proceeding; and, second, a denial of the petitioner's right to alimony upon the merits of her claim.

It is clear that this verdict could not, in any possible view, amount to more than an adjudication that Mrs. Mitchell was not entitled to a divorce from her husband upon the ground, or grounds, alleged in her libel (whatever the same may have been), the nature of which is not disclosed. Treated as a judgment, it could hardly be held an estoppel to her present proceeding. But in our opinion, this verdict, standing alone, really adjudicated nothing. "It is only a final *judgment* upon the merits which prevents further contest upon the same issue and becomes evidence in another action between the same parties or their privies." Webb *v.* Buckelew, 82 N. Y. 555, 560, cited in 1 Van

Fleet's Former Adjudication, p. 119. "No finding nor verdict will bar another suit until judgment is rendered upon it." *Ibid.* 119, 120. There is nothing novel in this announcement. It is a rule of law announced by the courts and standard text-writers throughout the length and breadth of this county, and even in far-off India. It is thus stated, in a very admirable treatise on the subject of *res adjudicata*, by Hukm Chand, M.A.: "And in the United States, the general rule is that a verdict, or other finding, not followed by judgment, is not binding; and though doubts used to be entertained about it in England, the rule there now appears to be the same." See §62, and authorities there cited, many of them being cases decided by the courts of this country. See, also, *Carstarphen* v. *Holt*, 96 *Ga.* 703, 23 S. E. Rep. 904.

Nothing here said conflicts with the decision in *Burns* v. *Lewis*, 86 *Ga.* 591, holding that a final verdict in favor of a total divorce was sufficient of itself to dissolve the marriage, though no judgment declaring the marriage dissolved was ever actually entered up. That decision was expressly based upon the provision in our present constitution, devolving upon the jury rendering the final verdict in a divorce suit the function of regulating the rights and disabilities of the parties, subject only to a power of revision by the court. A final verdict in favor of a total divorce admits of no construction other than that the jury intended the dissolution of the marriage, and the revisory power of the court would not extend to this element of the verdict. The above mentioned provision of our constitution has, however, no application whatever to a verdict denying a divorce; and therefore, such a verdict clearly falls within the general rule above stated, and must be followed by a judgment in order to become conclusive.

After carefully examining the evidence, we are unable to perceive, so far as the merits of the case are concerned,

that there was any abuse of discretion in allowing temporary alimony in the amounts stated.

*Judgment affirmed.*