OSBORNE <em>v.</em> OSBORNE.

A judgment granting temporary alimony in stated monthly payments "until further order of the court" is not illegal because not limited to the termination of the suit, since the necessary construction and effect of such judgment is that the payments continue, under the supervisory power of the court to modify or revoke, until final judgment, when the payments cease altogether by operation of law.

DECEMBER 19, 1916.

Temporary alimony. Before Judge Bell. Fulton superior court. March 4, 1916.

*Arant & Trimble,* for plaintiff in error.

GILBERT, J. Ollie Osborne filed his petition for divorce against Ora Osborne. The defendant filed a plea and answer to the petition, and prayed "that she be granted temporary alimony pending said suit for divorce." The court passed an order granting temporary alimony "until the further order of this court." Ollie Osborne excepted to this order, on the ground that the court was "without authority to make this order." This is the only assignment of error.

In granting or refusing to grant temporary alimony the judge of the superior court is wisely permitted, under the law, to exercise a wide discretion. His order allowing temporary alimony "shall be subject to revision of the court at any time." Civil Code (1910), § 2978. The authority of the court to modify or revoke an order granting temporary alimony is not even confined to a change of condition occurring subsequently to the granting of the

order. *Jennison* v. *Jennison,* 136 *Ga.* 202 (71 S. E. 244, 24 Ann. Cas. 441). The plaintiff in error insists that the court was without authority to pass the judgment awarding temporary alimony "until the further order of the court," without limiting the judgment to the pendency of the suit; citing Heilbron *v.* Heilbron, 158 Pa. 297 (27 Atl. 967, 38 Am. St. R. 845), and 1 Ruling Case Law, § 39, p. 895, the last-named authority being based alone upon the case of Heilbron *v.* Heilbron, supra. We have been unable to find any case in harmony with the one just cited. Under our law, temporary alimony, pending an action for permanent alimony, does not cease with a verdict and judgment in the superior court, where the case is brought to the Supreme Court, but continues within the discretion of the court until the termination of litigation in all the courts. *Holleman* v. *Holleman,* 69 *Ga.* 676. When final judgment has been reached, temporary alimony ceases, and no judgment of the court could legally extend it beyond that point, no matter what language is employed in the order or judgment of the superior court.

In a judgment for temporary alimony "whilst it is better practice to specify the time for which the grant of supplies is decreed, it is no error not to do so, if the sum be not exorbitant or oppressive." *Campbell* v. *Campbell,* 67 *Ga.* 423 (3). It is not an unusual practice for judgments granting temporary alimony to be limited only by the words, "until further order of the court;" and this is done for the very reason that the law itself fixes a time beyond which these judgments can not be operative, to wit, final judgment in all the courts. Judgment for temporary alimony not being final, the application may be re-examined by the court at any time, either in term or in vacation, and modified in any direction, or revoked. If for slight causes of judicial discretion, or verbal niceties of expression in the judgment, this court should review and reverse the order of the trial court, the right to temporary alimony would be of little value, "and the very interregnum it is intended to cover would be frittered away in litigation over it." *Carlton* v. *Carlton,* 44 *Ga.* 216, 219. It is also needless to give direction that the judgment be so modified that the payments directed thereby shall cease at the final judgment in the cause, since such is its necessary construction and legal effect.

*Judgment affirmed. All the Justices concur.*