### BRIGHTWELL *v.* BRIGHTWELL.

ATKINSON, J. A husband sued his wife for divorce; she filed an answer in the nature of a cross-petition, asking for a divorce and the allowance of temporary and permanent alimony and attorney's fees. At the first trial of the case before a jury a verdict was returned finding against the grant of a divorce to either party, omitting express reference to the allowance of alimony and attorney's fees. The wife made a motion for a new trial on the usual general grounds, which was refused. There was no exception to the judge's refusal of a new trial. At a subsequent term the case was again submitted to a jury in the absence of the husband and his attorney. A verdict and judgment were rendered awarding alimony and attorney's fees, but these were subsequently set aside upon a motion filed by the husband. There was no exception to this judgment. After the judgment was set aside the case was again tried; at this trial the judge overruled a motion to dismiss the case. It was submitted to a jury, and a verdict was returned awarding alimony and attorney's fees. The husband made a motion for a new trial, which was overruled, and he excepted, and assigned error also upon exceptions pendente lite to the judgment overruling his motion to dismiss. *Held:*

1. The motion to dismiss should be construed as a motion to strike the case from the docket of the court.

2. Where prayers for temporary and permanent alimony and attorney's fees are not based on the ground that the parties are living in a bona fide state of separation, but are incidental to a suit for divorce, a verdict refusing a divorce will carry with it the prayers for alimony and attorney's fees. *Stoner* v. *Stoner,* 134 *Ga.* 368 (4) (67 S. E. 1030). A different ruling is not required by the decision in *Lee* v. *Lee,* 154 *Ga.* 820 (115 S. E. 493). In that case the answer filed by the wife denied the husband's right to a divorce, and by cross-action sought alimony and attorney's fees, but did not allege grounds and prayers for a divorce. This court held that the cross-action by the wife was the equivalent of

an independent action for alimony, and that the court should not have dismissed the entire case for want of jurisdiction. That ruling would be inapplicable to the facts of the instant case, where the question was as to the right of the jury to award permanent alimony and attorney's fees on the basis of a cross-action by the wife alleging grounds and prayers for a divorce from the husband.

3. The judge erred at the last trial in refusing to sustain the motion to dismiss.

4. The error in refusing to sustain the motion to dismiss entered into the subsequent proceedings in the case, and requires a reversal of the judgment.         *Judgment reversed.   All the Justices concur.*

No. 4457. SEPTEMBER 18, 1925.

Divorce and alimony. Before Judge Meldrim. Chatham superior court. June 23, 1924.

*W. H. Bedgood,* for plaintiff in error.   *R. L. Colding,* contra.