## BLACK *v.* BLACK.

1. The libelant can dismiss his or her divorce suit, without the consent of the libelee, at any time before one verdict in favor of the libelee is rendered. This principle is necessarily deducible from the Civil Code (1910), § 2953. See § 5548.

2. The plaintiff can dismiss his petition after the introduction of all evidence by both parties, and at any time before judgment has been put in writing and entered as such. *Macon, Dublin & Savannah R. Co. v. Leslie,* 148 *Ga.* 524 (97 S. E. 438) ; *Foy* v. *McCrary,* 157 *Ga.* 461 (121 S. E. 804).

3 The answer of the defendant, denominated a cross-bill, did not seek affirmative relief as to matters other than those brought up on the petition, and it was filed simply as a means of defense; and for this reason it did not prevent the plaintiff from withdrawing and dismissing her petition for divorce. *Lacher* v. *Manley,* 139 *Ga.* 802 (78 S. E. 188).

4. In all cases where divorces are granted, the party not in default shall be entitled to the custody of the minor children of the marriage; but the court, in the exercise of a sound discretion, may look into all the circumstances, and, after hearing both parties, may make a different disposition of the children, withdrawing them from the custody of either or both parties and placing them, if necessary, in possession of guardians appointed by the ordinary. The court may exercise a ·similar discretion pending the libel for divorce. Civil Code (1910), §§ 2971, 2980. Under these sections the trial judge can exercise this power only when divorces are granted, or can only make a disposition of the minor children of the marriage during the period the divorce proceeding is pending. Where the case is terminated without a divorce being granted to either of the parties, the court can not exercise this power. *Keppel* v. *Keppel,* 92 *Ga.* 506 (17 S. E. 976). This power is one incident to the divorce proceeding, and is exercisable only as above stated. *Brightwell* v. *Brightwell,* 161 *Ga.* 89 (2) (129 S. E. 658).

5. The motion of the plaintiff to dismiss the divorce case should be con-

Appeal and Error, 4 C. J. p. 650, n. 37.

Dismissal and Nonsuit, 18 C. J. p. 1158, n. 22 New.

Divorce, 19 C. J. p. 147, n. 1, 9; p. 341, n. 79; p. 342, n. 95; p. 343, n. 5, 8 New; p. 344, n. 15; p. 345, n. 40; p. 347, n. 65.

strued as a motion to strike the case from the docket of the court; and the dismissal of the case by the plaintiff would carry with it the prayer of the defendant for the custody of this minor child, the power to grant such custody to him being only an incident to the suit. *Meadows* v. *Meadows,* 161 *Ga.* 90 (129 S. E. 659). The prayer of the defendant, that the custody of the minor child be awarded to him, or to one or the other of two named persons, was not based upon matters not set up in the petition, and will be treated as matter of defense to the prayer of the plaintiff for the custody of this child. This case differs from *Collard* v. *McCormick,* 162 *Ga.* 116 (132 S. E. 757), which was a habeas-corpus case, in which the plaintiff, who was a nonresident, had procured the court to take the possession, through an officer, of the child whose custody was therein involved, and in which the court had full and complete power to award its custody.

6. Applying the above rulings, the court erred in overruling the motion of the plaintiff to dismiss the case: and this being so, it is unnecessary to consider the assignments of error on the award of custody of the child to a third person.

No. 6040.   NOVEMBER 22, 1927.

Custody of minor child.   Before Judge Stark.   Jackson superior court.   May 7, 1927.

*G. W. Westmoreland* and *C. M. & Scott Candler,* for plaintiff. *E. C. Stark,* for defendant.

HINES, J.   On September 1, 1926, Tallulah Aiken Black filed her petition against E. B. Black, for total divorce, for the custody of their daughter of three years, for counsel fees, and for injunction. The husband filed his answer in which he denied the substantial allegations of the petition, and alleged "by way of cross-bill that plaintiff was cruel and inhumane to defendant, that she deserted him in his hour of affliction, that she often told him she cared nothing for him, has abused him in divers ways, all of which has added to his already heavy burden, and caused him much pain and suffering." He asked that the child be awarded to himself, Mrs. J. W. Black, or Mrs. P. A. Hughes. On April 30, 1927, certain affidavits were delivered to the judge, with an announcement from the parties that a settlement was pending between them, and that he was to take the affidavits without any argument or comments by counsel for either party; and that in the event a settlement could not be reached by May 7, 1927, then the judge was to make an award of the child, from the evidence contained in these affidavits. They were not to be read by either party pending the negotiations for a settlement. On May 3, 1927, the wife was notified by the husband that all negotiations for a

settlement of the case had been withdrawn, and that the court would have to pass upon the case. Thereupon the plaintiff filed her motion withdrawing her petition; and moved to strike the answer denominated a cross-bill, upon the ground that it amounted to no more than an answer to petition, which should be dismissed upon the withdrawal of her suit. On May 7, 1927, the court overruled said motion, upon the ground that it was made after all of the evidence had been introduced; and awarded temporary custody of the child to Mrs. P. A. Hughes, a sister of the defendant, subject to the further order, with the provision that the mother was to have the custody one month out of every six months until the further order of the court. The plaintiff excepted to both rulings. The headnotes need not be elaborated.

*Judgment reversed. All the Justices concur.*