502

## DALTON *v.* DALTON.

No. 7561. April 19, 1930.

*C. D. Rivers,* for plaintiff in error.

*Norman Shattuck* and *S. W. Fariss,* contra.

Beck, P. J. On October 5, 1927, Trezevant Dalton brought suit in the superior court of Chattooga County against her husband, E. H. Dalton, praying total divorce, temporary and permanent alimony, and the custody of the minor son of the parties, a child of three years. Upon the same day Mrs. Dalton instituted habeas corpus proceedings against her husband in the court of ordinary of said county, praying that she be awarded the custody of the child. This was denied by the ordinary, who awarded the custody to the father. On December 13, 1927, the superior court passed an order reciting, that, it appearing from the undisputed evidence that the child in controversy had been awarded to the custody of the father by the court of ordinary of the county in habeas corpus proceedings, the custody should remain in the defendant, E. H. Dalton, until further order of the court, but that the mother should be allowed to visit and see the child under reasonable circumstances, and be permitted to take the child home with her once a week. On October 18, 1928, Mrs. Dalton filed a petition in the superior court, praying that her husband be adjudged in contempt of court

for failure to comply with the last-stated order; and upon hearing this complaint the judge of the superior court, on November 5, 1928, adjudged the defendant, E. H. Dalton, in contempt, but that he might purge himself of contempt by paying a stated fine and the costs of the proceedings; and further ordered that "the defendant, E. H. Dalton, deliver the child, Morris Dalton, to the plaintiff, Mrs. Trezevant Dalton, on each Saturday at noon, to be kept by her until six o'clock p. m. the following Sunday, and any other time in case of sickness." Subsequently, at the May term, 1929, of the superior court, at the second and final trial of the suit for divorce, alimony, and custody of the child, the jury rendered the following verdict: "We, the jury, find for the defendant against the plaintiff's prayers for divorce and alimony." The court thereupon rendered the following decree: "There having been two trials of the above-stated case at different terms of the court, and the jury at the last trial of said case, on the 12th day of March, 1929, at the present regular March term, 1929, of said court having returned the following verdict, 'We the jury find for the defendant and against the plaintiff's prayers for divorce and alimony,' it is therefore ordered, adjudged, and decreed by the court that all the prayers of the plaintiff, Mrs. Trezevant Dalton, be and the same are hereby denied and refused." After the date of this verdict and decree, E. H. Dalton refused to deliver the child to Mrs. Dalton, or to allow her to carry the child home with her, as provided by the order of November 5, 1928. Mrs. Dalton instituted proceedings against E. H. Dalton, in which she charged contempt of the court's order. Upon the trial she offered evidence to show that on October 19, 1929, she went to the house of the respondent at noon, in order to carry the child home with her and keep him until six o'clock the following Sunday, and E. H. Dalton refused to let her have the child. To this evidence the respondent objected on the ground that the interlocutory order referred to above, allowing Mrs. Dalton to have the child at certain times, was no longer of force after a final decree. The court overruled this objection, and the evidence was admitted. Upon the proof submitted the court held that E. H. Dalton was in contempt of court, and provided that he might purge himself by paying a stated fine. To this order the respondent excepted.

The court below upon the hearing should have sustained the ob-

jection to the testimony offered to show that E. H. Dalton had not complied with the prior order of the court to the effect that Mrs. Dalton should be permitted to take the child home at certain intervals. The order allowing this privilege to Mrs. Dalton was an interlocutory order. The second verdict in the case and the court's final decree thereupon terminated the suit, which was for divorce, alimony, and the custody of the child. The interlocutory orders granted by the court did not extend in their force beyond the rendition of that decree, and should not have been construed by the court to extend beyond the verdict and decree. "Under section 1733 of the Code, the court can make a final disposition of children only where divorce is granted. Where the case is terminated without a divorce being granted to either of the parties, the court can exercise no such power, though the attempt to exercise it be made during the term in which the final verdict, refusing a divorce, was rendered." *Keppel* v. *Keppel,* 92 *Ga.* 506 (17 S. E. 976). In *Black* v. *Black,* 165 *Ga.* 243 (140 S. E. 364), it was said: "In all cases where divorces are granted, the party not in default shall be entitled to the custody of the minor children of the marriage; but the court, in the exercise of a sound discretion, may look into all the circumstances, and, after hearing both parties, may make a different disposition of the children, withdrawing them from the custody of either or both parties, and placing them, if necessary, in possession of guardians appointed by the ordinary. The court may exercise a similar discretion pending the libel for divorce. Civil Code (1910), §§ 2971, 2980. Under these sections the trial judge can exercise this power only when divorces are granted, or can only make a disposition of the minor children of the marriage during the period the divorce proceeding is pending. Where the case is terminated without a divorce being granted to either of the parties, the court can not exercise this power. . . This power is one incident to the divorce proceeding, and is exercisable only as above stated. *Brightwell* v. *Brightwell,* 161 *Ga.* 89 (129 S. E. 658)."

Applying the rulings here made, the court erred in punishing the plaintiff in error for contempt, inasmuch as upon the termination of the suit for divorce, alimony, and the custody of the child, in the manner pointed out above, the interlocutory orders of the court ceased to have vitality and effect.

*Judgment reversed. All the Justices concur.*