## HUDGINS *v.* HUDGINS.

No. 11036. MAY 15, 1936.

*M. B. Eubanks,* for plaintiff in error. *H. L. Lanham,* contra.

BECK, Presiding Justice. Irene Hudgins filed suit in Floyd superior court against Stewart Hudgins, for temporary and permanent alimony, attorney's fees, and the custody of the minor child of the parties. The defendant filed a special plea, a motion to dissolve the writ of ne exeat, and an answer to the petition. The special plea alleged, first, that Mrs. Hudgins was a resident of Alabama, and had not made deposit of costs as provided by law; second, that, being a non-resident of this State, she could not come to Georgia and file and maintain this action. The defendant denied the material allegations of the petition. The court overruled the special plea; awarded the custody of the child to the plaintiff, with whom the child was residing in Alabama at the time of the filing of the suit; awarded $4 per week for temporary alimony, $20 for temporary attorney's fees, and $2 per week for the support of the child; and revoked the order granting a writ of ne exeat. The defendant excepted.

■ A suit brought in this State by a non-resident, and filed and entered by the clerk of the court, should not be dismissed on motion of the defendant on the ground that the plaintiff has made no deposit "on account of costs" as provided by law. The law providing for the deposit of costs in such cases is intended for the protection of the officers of court; and whether the plaintiff does or does not comply with the statute in regard to depositing costs is a matter with which the defendant has no concern. *Martin* v. *Armour Packing Co.*, 110 *Ga.* 569 (35 S. E. 632).

■ Another ground of the special plea was that the plaintiff, being a non-resident of this State, could not file and maintain this action in a court of this State, and especially for the custody of the child. This ground was properly overruled. In no court of the State, other than the superior court of the county of the defendant's residence, could the plaintiff bring this suit. And the court also had jurisdiction of the question of the custody of the child, especially as the defendant himself in his answer prayed for the custody of the child. And moreover, if the court had not rendered judgment touching the custody of the child, the child would necessarily have remained for a time in the custody of the mother, and the judgment of the court only gives her temporary custody of the child.

■ Under the facts of the case it was within the discretion of the court to award temporary alimony and attorney's fees.

*Judgment affirmed. All the Justices concur.*