TWILLEY *v.* TWILLEY.

No. 14410.   JANUARY 13, 1943.

*William G. McRae,* for plaintiff in error.
*H. W. McLarty,* contra.

ATKINSON, Justice. On February 10, 1942, Mrs. Laverne Twilley filed a suit for divorce and for temporary and permanent alimony, against her husband J. H. Twilley, alleging cruel treatment. The husband duly filed a cross-bill, denying cruel treatment, and praying that he be granted a divorce on the ground of cruel treatment. On March 31, 1942, before the trial at which the first verdict was returned, the wife was awarded temporary alimony and attorney's fees "until the final hearing of said case." It is stated in the bill of exceptions that during the trial on May 13, 1942, when the first verdict was rendered, "the jury retired and returned a verdict denying the plaintiff a divorce on her petition, and granting to the defendant a divorce on his cross-bill." The wife filed a motion for new trial, which was overruled, and she filed a bill of exceptions which was certified to the Supreme Court on October 5, 1942.

On September 29, 1942, the husband filed in the trial court a petition praying for a modification of the order of March 31, 1942, awarding temporary alimony and attorney's fees to the wife, on the grounds, that his financial ability to pay alimony had been diminished, and that the first verdict of the jury "established that the defendant [husband] was blameless, and that the plaintiff's [wife's] separation from the defendant is due entirely to her wilful and voluntary choice, and that she is not entitled to alimony." On the hearing the court passed an order denying the petition, leaving in force the original order of March 31, 1942. To this order the husband excepted.

At the time the court passed the order refusing to modify the previous order granting temporary alimony, there were issues in the divorce case still pending. A judgment can not be treated as final so long as either of the parties thereto had the right to have the same reviewed by the Supreme Court; and if it is so reviewed, it is not final until their judgment is made the judgment of the trial court. *Cohen* v. *Southern Express Co.*, 53 *Ga.* 128; *Peoples Bank* v. *Merchants & Mechanics Bank*, 116 *Ga.* 279 (42 S. E. 490).

The Code provides: "Whenever . . a suit by the wife . . shall be pending, the wife may . . apply to the presiding judge . . for an order granting . . temporary alimony pending the cause." Code, § 30-202. "In arriving at the proper provision,

the judge shall consider the peculiar necessities of the wife, growing out of the pending litigation." § 30-203.

In *Holleman* v. *Holleman,* 69 *Ga.* 676, it was said: "The cause is pending just as long as it is litigated, whether in the superior court or in this court. . . The wife needs money to litigate in this court as well as in the superior court. She needs food and raiment as much pending the litigation here as there; and the reason on which the law bases her temporary alimony is the need she has of these necessaries, as well that she may live as that she may litigate." In *Legg* v. *Legg,* 150 *Ga.* 133 (102 S. E. 829), it was said: "Temporary alimony is awarded to the wife, among other things, for the purpose of enabling her to contest all of the issues between herself and her husband in a proceeding for divorce and alimony." See *Black* v. *Black,* 150 *Ga.* 672 (104 S. E. 775); *Lee* v. *Lee,* 154 *Ga.* 820 (115 S. E. 493); *Chapman* v. *Chapman,* 162 *Ga.* 358 (133 S. E. 875).

Accordingly, it was within the discretion of the trial judge to continue in force, or modify, his previous order pertaining to temporary alimony and attorney's fees.

*Judgment affirmed. All the Justices concur.*