AUD *v.* AUD.

JENKINS, Presiding Justice. 1. "Whenever an action for divorce, at the instance of either party, or a suit by the wife for permanent alimony, shall be pending, the wife may, at any regular term of the court in which the same shall be pending, apply to the presiding judge, by petition, for an order granting to her temporary alimony pending the cause; and, after hearing both parties and evidence as to all the circumstances of the parties and as to the fact of marriage, the court shall grant an order allowing such temporary alimony, including expenses of litigation, as the condition of the husband and the facts of the

case may justify." Code, § 30-202. "In arriving at the proper provision, the judge shall consider the peculiar necessities of the wife, growing out of the pending litigation; also any evidence of a separate estate owned by the wife, and if such estate is ample, as compared with the husband's, temporary alimony may be refused." § 30-203. "The order allowing alimony shall be subject to revision by the court at any time, and may be enforced either by writ of fieri facias or by attachment for contempt against the person of the husband. A failure to comply with the order shall not deprive the husband of his right either to prosecute or defend his cause." § 30-204. "On application for temporary alimony, the merits of the cause are not in issue, though the judge, in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse it altogether." § 30-205.

2. The grant or refusal of temporary alimony is a question for the court; that of permanent alimony is for the jury to determine. Where a judge, in the exercise of his discretion, has fixed and allowed temporary alimony pending the cause for divorce and alimony or for permanent alimony, the right to the amount allowed becomes absolute until the final determination of the cause, unless in the meantime the allowance be revoked or modified by the judge. *Gibson* v. *Patterson*, 75 *Ga.* 549 (2).

3. "A judgment can not be treated as final so long as either of the parties thereto had the right to have the same reviewed by the Supreme Court; and if it is so reviewed, it is not final until their judgment is made the judgment of the trial court." *Twilley* v. *Twilley*, 195 *Ga.* 298 (24 S. E. 2d, 46).

4. "Temporary alimony pending an action for permanent alimony does not cease with the verdict and judgment in the superior court, where the case is brought to the Supreme Court, but continues (within the discretion of the court) until the termination of the litigation in all the courts." *Holleman* v. *Holleman*, 69 *Ga.* 676.

5. In accordance with the foregoing rulings, the judgment in favor of the wife for temporary alimony remained operative and in the breast of the court at least until the judge dismissed the proceeding for contempt, and this represents all that she is now claiming. There being no independent assignment of error on the refusal of the court to permit certain proffered testimony at the contempt proceeding hearing, that question will not be dealt with. To this extent, at least, the claim for temporary alimony was valid and the judge erred in treating it as invalid.          *Judgment reversed. All the Justices concur.*

No. 15243. SEPTEMBER 7, 1945.

716

*Marvin O'Neal,* for plaintiff.   *Aaron Kravilch,* for defendant.