## 19137. CONNOR v. CONNOR.

Argued October 10, 1955—Decided November 15, 1955.

*W. S. Edwards, Eva L. Sloan,* for plaintiff in error.

*Robert H. Green,* contra.

WYATT, Presiding Justice. 1. The defendant in error has filed a motion to dismiss the bill of exceptions upon the ground that the plaintiff in error did not serve him with notice of her intention to present the brief of evidence to the judge for approval or with notice that she would file a bill of exceptions with the trial judge for approval. There is no merit in this motion to dismiss. The action or non-action of the judge in requiring notice under Code (Ann. Supp.) §§ 6-908.1 and 6-909 is not reviewable. Code (Ann. Supp.) § 6-909; *Cohen* v. *McCandless,* 202 *Ga.* 231 (42 S. E. 2d 739).

2. The first ground of the motion to modify and set aside the judgment for divorce is that the evidence failed to authorize

a divorce on the ground of cruel treatment. The evidence relied upon to prove the cruel treatment alleged in the petition is the testimony of the plaintiff in the court below. He testified that his wife did not like the Air Force and was constantly nagging and fussing at him and making all kinds of disparaging remarks about members of the Air Force. The plaintiff further testified as follows: "She fussed at me and called me names. . . She told me about writing letters to a Sergeant and told me she was going to marry him, and that if I did not give her a divorce, she was going to live with him anyhow. All this kept me highly nervous and upset, and I could not sleep at night and this affected my health and the performance of my duties with the Army Air Force." There is no other evidence as to cruel treatment in the record in this case.

This court has so frequently held that the cruel treatment which is a ground for divorce in this State is the wilful infliction of pain, bodily or mental, such as reasonably justifies an apprehension of danger to life, limb, or health, and that an intention to wound is a necessary element of cruel treatment for which divorce will be granted, that this rule is established beyond doubt in this State. See *Morris* v. *Morris*, 202 *Ga.* 431 (43 S. E. 2d 639); *Lowry* v. *Lowry*, 170 *Ga.* 349 (153 S. E. 11, 70 A. L. R. 488); *Ring* v. *Ring*, 118 *Ga.* 183 (44 S. E. 861, 62 L. R. A. 878) and Code (Ann.) § 30-102.

In the instant case, the petition does not allege that any cruel treatment was inflicted wilfully and with intent to wound the petitioner. There is no evidence that any of the acts alleged to constitute cruel treatment were done wilfully and with intent to wound the petitioner. There is no evidence at all for the plaintiff on this question. There is expert testimony for the defendant to the effect that the defendant was a person who was at the time these acts were alleged to have occurred of an emotionally unstable personality, and who under various stresses reacted in an unusual and exaggerated emotional manner. If the alleged acts of cruel treatment by the defendant toward the petitioner resulted from the defendant's emotionally unstable personality and not from a wilful desire to wound the plaintiff—which, in so far as the record in this case discloses is the case—then the defendant was guilty of no cruel treatment which would authorize the grant

of a divorce to the plaintiff on this ground. Accordingly, it was error to deny the motion to modify and set aside the divorce decree on this ground.

3. Since it has been held above that the grant of a divorce in this case was not authorized by the evidence, it follows there has been no legal award of custody of the minor children, because the final disposition of the children of the parties to a divorce suit is an incident of the divorce proceedings and is exercisable only when a divorce is lawfully granted. See *Black* v. *Black,* 165 *Ga.* 243 (140 S. E. 364) ; *Keppel* v. *Keppel,* 92 *Ga.* 506 (17 S. E. 976) ; *Brightwell* v. *Brightwell,* 161 *Ga.* 89 (129 S. E. 658) ; *Brinson* v. *Jenkins,* 207 *Ga.* 218 (60 S. E. 2d 440).

4. It follows from what has been said above, the judgment of the court below denying the motion to modify and set aside the judgment for divorce in this case was error.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., Candler and Mobley, JJ., who dissent.*

DUCKWORTH, Chief Justice, dissenting. I dissent upon the ground that the proof of the statements of the conduct of the wife may constitute cruel treatment, and that whether or not it would be offset by the testimony of the expert witness was a matter for the jury to decide, and this court is without lawful power to reverse it. I am authorized to say that Justices Candler and Mobley concur in this dissent.