### 24704. PROCTOR v. PROCTOR.

NICHOLS, Justice. This appeal arose out of the divorce action wherein the jury granted the wife a divorce but denied her alimony. After the jury retired to deliberate its verdict, but before it returned its verdict, counsel for the plaintiff moved the court for a hearing upon the question of additional attorneys fees. The court refused to hear such question at that time because a named attorney, who had previously represented the husband, was not present. Such attorney was summoned to the court and the issue of additional attorneys fees was again presented to the court and argument heard on such question. The court then reserved its ruling until after verdict and thereafter, after verdict, had an additional hearing on such issue and awarded additional attorneys fees. The enumerations of error all relate to the question of the validity of such judgment. *Held:*

1. Where hearing is held before verdict in a divorce action on the question of attorneys fees to be awarded the wife, a judgment rendered after verdict relates back to the time of the hearing and is not void, but where no hearing on such question is held before verdict the trial court is without jurisdiction to award attorneys fees later to the wife. See *Phillips v. Phillips,* 146 Ga. 61 (90 SE 379); *Luke v. Luke,* 159 Ga. 551

(126 SE 374); *Hewlett v. Hewlett,* 221 Ga. 349 (144 SE2d 512); *Dobson v. Dobson,* 223 Ga. 432 (156 SE2d 72).

2. The hearing before verdict need not include direct evidence as to the value of the services rendered or to be rendered by the attorney for the wife. *Carnes v. Carnes,* 138 Ga. 1 (74 SE 785); *Hobbs v. Hobbs,* 158 Ga. 571 (123 SE 891).

3. Where a hearing is held prior to verdict and the judge reserves his ruling until after verdict he may have an additional hearing after verdict before rendering judgment on an application for attorneys fees. See *Hewlett v. Hewlett,* 221 Ga. 349, supra. Accordingly, the judgment as to attorneys fees in the present case was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 11, 1968—DECIDED JUNE 20, 1968—
REHEARING DENIED JULY 2, 1968.

*J. S. Hutto, Jack T. Griffith,* for appellant.
*Alaimo & Taylor, Anthony A. Alaimo,* for appellee.

