## 25733. CHLUPACEK v. CHLUPACEK.

HAWES, Justice. Mrs. Chlupacek filed suit against her husband for divorce and alimony and seeking the custody of the minor children of the parties. In her complaint she also prayed that pending the disposition of the case the defendant be required to give temporary support, care and maintenance to the children of the parties and to the plaintiff, and that he be required to pay reasonable attorney's fees to plaintiff's counsel for bringing and prosecuting the action. The issue respecting the allowance of temporary alimony thus prayed for came on for a hearing before the trial court on November 6, 1969, and on November 18, 1969, the court passed an order reciting the fact of the hearing on November 6th, and reserving its decision, ruling and judgment on the plaintiff's application for temporary alimony for herself and minor children and for attorney's fees as a necessary expense of litigation until after the trial, verdict and judgment or decree in the main divorce case. Thereafter, on November 21st, the jury impaneled to try the main case, returned a verdict denying a divorce to the plaintiff

and refusing to award her any alimony. On November 24, 1969, judgment was entered on that verdict, and on the following day plaintiff filed a motion for new trial on the general grounds, which motion was set down for a hearing on the 17th day of February, 1970, by the order of the trial judge entered thereon. While that motion was still pending, and on the 6th day of January, 1970, the trial court passed an order awarding temporary alimony and attorney's fees to the plaintiff. In his appeal to this court from that judgment, the defendant contends that the issuance of such order subsequent to the judgment adjudicating the issues in the divorce and alimony case in his favor was without lawful authority and that the trial court abused its discretion in entering such order.

1. Temporary alimony is an allowance made out of the estate or property of the husband to provide the necessities of life and the expenses of litigation to the wife pending the outcome of a proceeding for divorce and alimony, or for permanent alimony alone. *Code* § 30-202; *Brown v. Brown,* 224 Ga. 90, 91 (160 SE2d 343). Upon the hearing of the application for temporary alimony, the merits of the cause are not in issue. *Code* § 30-205; *Aud v. Aud,* 199 Ga. 714 (1) (35 SE2d 198). So a verdict and judgment denying a divorce and permanent alimony to the wife do not constitute res judicata or an estoppel preventing her from recovering temporary alimony for her support and for the payment of her attorney's fees incurred in prosecuting or defending the divorce and alimony proceeding. *Mitchell v. Mitchell,* 97 Ga. 795, 796 (25 SE 385).

2. It is well established that the trial court may, pending an action for divorce and permanent alimony or for permanent alimony alone, hear evidence as to the issue of the allowance of temporary alimony and the expenses of litigation to the wife, and reserve its decision as to that issue until later, and that where such an order reserving a decision on that issue is entered prior to the grant of a total divorce, may, after the grant of the divorce, pass an order awarding such temporary alimony and allowance for expenses of litigation as may be authorized by the evidence adduced on such hearing. *Crute v. Crute,* 208 Ga. 724 (69 SE2d 255); *Zuber v. Zuber,* 215 Ga. 314 (1) (110 SE2d 370); *Proctor v. Proctor,* 224 Ga. 450 (1) (162 SE2d 398). The limitation on the right of the court to make an award of temporary alimony to a time prior to a verdict granting a total divorce is founded upon the theory

that the jurisdiction of the court to award alimony is dependent upon the existence of the marital relationship of husband and wife between the parties, and that after that relationship has been severed, no further order respecting temporary alimony can be rendered. However, in this case, the verdict and judgment did not sever the marital relationship but left it in existence.

3. Furthermore, a judgment for temporary alimony continues in force and effect until a final judgment in the case, until the termination of the litigation in all courts, and as long as the case is pending, including litigation in the Supreme Court. *Holleman v. Holleman*, 69 Ga. 676; *Osborne v. Osborne*, 146 Ga. 344, 345 (91 SE 61); *Aud v. Aud*, 199 Ga. 714 (3), supra. The judgment cannot be treated as final so long as either party has the right to have it reviewed by the Supreme Court. *Twilley v. Twilley*, 195 Ga. 297, 298 (24 SE2d 46).

4. Under the foregoing authorities, the trial court had the discretionary authority to pass the order granting temporary alimony and expenses of litigation to the plaintiff wife after the entry of the judgment in the main case denying her a divorce and permanent alimony. The judgment appealed from was not erroneous for any reason urged by the appellant.

*Judgment affirmed. All the Justices concur, except Felton, J., who dissents.*

SUBMITTED APRIL 13, 1970—DECIDED JUNE 25, 1970.

*Robert E. Andrews*, for appellant.

*R. Wilson Smith, Jr., John H. Smith, Robert W. Lawson, Jr.*, for appellee.

FELTON, Justice, dissenting. 1. *Mitchell v. Mitchell*, 95 Ga. 795, supra, cited by the majority in their first headnote, is not authority for its holding in this case under its peculiar facts. In this case this court simply ruled that a mere verdict denying a divorce was not final until a judgment was rendered on the verdict, and there was no such judgment in that case.

2. This is an unusual case and, insofar as I can determine, it is one of first impression. In this case the court reserved jurisdiction to render a judgment on temporary alimony (which I think all agree includes attorney's fees) until after the final judgment in the divorce case. The decisions of this court have ap-

proved such action. The correctness of such decisions seems to be doubtful because the judgment on temporary alimony is not supposed to be influenced by anything bearing on the question which is brought out on the trial. The jury, on November 21, 1969, found against the appellee and denied her petition for a divorce and denied her permanent alimony. Judgment was entered on this verdict on November 24, 1969. She filed a motion for a new trial which has not been passed on. While the motion for a new trial was still pending, the trial court passed an order awarding temporary alimony, child support, attorney's fees and the custody of the minor children to the appellee.

The facts to be remembered in deciding this case under the unreversed decisions of this court are: (1) The jury denied the appellee a divorce and permanent alimony. (2) A motion for a new trial has been filed in the divorce case. (3) The motion for a new trial is still pending. (4) The judgment following and carrying out the jury verdict is binding on the parties until set aside. (5) The award of temporary alimony, child custody, etc., was rendered after the motion for a new trial had been filed.

The big question in the case is: Under the law of this State, contained in decisions which have not been overruled or modified, can the trial court, under the above facts, award temporary alimony, attorney's fees, child support and child custody, in a judgment rendered after the jury verdict denying appellee a divorce and permanent alimony, a judgment thereon, and a motion for a new trial in the divorce case, which motion is still pending?

The rationale supporting a woman's right to temporary alimony, child support and attorney's fees, to wit, that she is entitled to these items as a wife, without regard to whether the wife is granted a divorce and permanent alimony has been applied before the trial of the divorce cases where the temporary orders are issued *before* the trial of the divorce case. Evidently the decisions on this question were decided when such questions as we have here were moot or were not urged.

However, in this case we run head on with unanimous decisions by this court to the effect that where a jury denies a divorce to a wife the right to attorney's fees (a part of the

temporary alimony) is nullified and the court loses jurisdiction over the custody of children in the case. Since the jury denied the appellee a divorce in this case *before* the order of temporary alimony, attorney's fees and the custody of the children and their support was rendered, it is my opinion that until the cases cited below are overruled or modified the court is without authority or jurisdiction to render the judgment complained of in this case. The marriage is still intact and all questions left can be settled under the principles of applicable law outside of divorce law. The cases I refer to are, among others: *Brightwell v. Brightwell,* 161 Ga. 89 (129 SE 658); *Connor v. Connor,* 212 Ga. 92, 95 (90 SE 581); *Stoner v. Stoner,* 134 Ga. 368 (4) (67 SE 1030); *Keppel v. Keppel,* 92 Ga. 506 (17 SE 976). Shepard's (Ga.) Citations shows 15 cases following some phase of *Brightwell v. Brightwell,* supra. Shepard's (Ga.) Citations shows 7 cases following *Connor v. Connor,* supra, and shows 10 cases following *Stoner v. Stoner,* supra.

If the final temporary alimony and custody judgment in this case by the trial judge was an attempt on his part to issue a nunc pro tunc judgment as to temporary alimony it was abortive because the intervention of the verdict and judgment denying a divorce to appellee and the law in such cases absolutely precludes such a judgment. The award of the custody of the children was likewise abortive. As to custody, see *Keppel v. Keppel,* 92 Ga. 506, supra; *Black v. Black,* 165 Ga. 243 (140 SE 364); *Dalton v. Dalton,* 170 Ga. 502 (153 SE 22); *Kniepkamp v. Richards,* 192 Ga. 509 (16 SE2d 24); *Hudgins v. Hudgins,* 182 Ga. 493 (185 SE 870); *Shipps v. Shipps,* 186 Ga. 494 (198 SE 230); *Harmon v. Harmon,* 209 Ga. 474 (74 SE2d 75).