A90A0724. ROWE v. ROWE.
(393 SE2d 750)

BIRDSONG, Judge.
Appellant Amelia Rowe's application for discretionary appeal was granted, and she subsequently filed this appeal of the superior court's order granting permanent custody of her son to his natural father, appellee Homer Cecil Rowe, Jr. *Held*:

1. Facts asserted in briefs but not supported by evidence of record cannot be considered on appeal. *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 847 (366 SE2d 223). Further, " 'a brief or an attachment thereto cannot be used as a procedural vehicle for adding evidence to the record.' " *Cotton States Mut. Ins. Co. v. Bogan*, 194 Ga. App. 824, 826 (392 SE2d 33) (1990). Accordingly, we will not consider any matters attached to the briefs of the parties that are not contained within the official record and transcripts.

2. Appellant asserts that the trial court erred in permitting statements purportedly made by appellant's psychiatrist to be admitted.

The statements alluded to were presented as part of appellee's opening statement at a hearing before the judge alone. The record reflects that the evidence referred to in the opening statement subsequently was neither offered nor admitted into evidence.

Pretermitting the question of whether the statements were admissible or in violation of the psychiatrist-patient privilege is the fact that the statements were not admitted at all. The issue thus actually presented is whether it constituted reversible error to allow appellee to make reference to the statements in his opening argument in a trial without jury. We hold that it was not.

"In an opening statement counsel may state to the jury what he expects to prove." *Seaboard Coast Line R. Co. v. Zeigler*, 120 Ga. App. 276 (1) (a) (170 SE2d 60). However, "[h]e should be confined to matters of proof admissible under the rules of evidence." Id. The reason for this rule is to preclude the possibility of tainting the *jury* by exposing them to inadmissible evidence. While counsel should comply with this general rule when making an opening statement in a trial without jury, it is readily apparent that the potential for prejudice created by referring to inadmissible evidence in an opening statement in a trial without jury is not nearly as great as when done before a jury. The trial judge is presumed to know the law and to be capable of separating admissible grains of evidence from inadmissible chaff. See *Whiteley v. State*, 188 Ga. App. 129, 131 (372 SE2d 296). The record contains nothing to rebut this presumption. We will not presume the trial court committed error where that fact does not affirmatively appear in the record. *Smith v. Manley*, 96 Ga. App. 158, 161 (99 SE2d 534).

Moreover, we are satisfied that even if inadmissible evidence was erroneously presented in the opening statement, such error, if any, would be harmless under the attendant circumstances. OCGA § 9-11-61.

3. Appellant asserts that the trial court erred in not forbidding that the Lanier County Department of Family & Children's Services have access to the deposition given by the appellant's psychiatrist.

First, we find nothing in the record indicating that this specific issue was ever timely raised before the trial court. Thus, this issue is not preserved for appellate review, and presents no question requiring appellate adjudication. *Dairyland Ins. Co. v. McIntosh*, 171 Ga. App. 782, 783-784 (321 SE2d 110).

Secondly, appellant has abandoned any argument that the information contained in the home study report created a fair risk of harm by improperly influencing the holding of the trial judge. By neither arguing that assertion or citing authority in support thereof in her brief, appellant has abandoned the issue pursuant to Court of Appeals Rule 15 (c). Moreover, such argument would be beyond the

scope of the enumeration of error, and on appeal "existing enumerations of error 'cannot be enlarged to include issues not made therein.'" *Thomason v. Times-Journal,* 190 Ga. App. 601 (3) (379 SE2d 551).

Finally, assuming without deciding that the trial court had access to the information contained in the home study before reaching its decision, nevertheless for the reasons stated in Division 2, above, we find that the error, if any, was harmless.

4. In view of the disposition directed in this case, appellant's enumeration of error number 3 is rendered moot. Before ordering further disposition in this child custody case, the trial court should consider all admissible matters contained in the home studies, after first providing the right of notice, confrontation and cross-examination provided to the parties by OCGA § 19-9-4 (a).

5. Appellant asserts that the trial court erred in awarding permanent custody of the child, under OCGA § 19-9-1 (a), because the divorce action was still pending and a final judgment and decree of divorce had not been entered.

Construing Code § 30-127, the predecessor statute to OCGA § 19-9-1, the Supreme Court has held: "'[T]he court can make a final disposition of the minor children of the parties only when a divorce is granted. [Cit.] This power is incident to the divorce proceeding, and is exercisable only when a valid divorce is granted between the parties. . . . [S]ince no valid divorce was granted . . . the court was without power to fix custody and control.'" *Griffis v. Griffis,* 229 Ga. 587 (2) (193 SE2d 620); *Harmon v. Harmon,* 209 Ga. 474 (4) (74 SE2d 75); compare *Keppel v. Keppel,* 92 Ga. 506 (17 SE 976); see *Brightwell v. Brightwell,* 161 Ga. 89 (129 SE 658). However, the trial court can make temporary dispositions of the child during the period when the divorce proceeding is pending. Compare *Brinson v. Jenkins,* 207 Ga. 218 (60 SE2d 440) with *Black v. Black,* 165 Ga. 243 (4), 245 (140 SE 364) and *Cason v. Cason,* 158 Ga. 395 (3) (123 SE 713). Subsequent to the above cases, the legislature has had occasion to amend OCGA § 19-9-1 (a), but it did not act to overturn this precedent. For example, in 1983 the legislature amended OCGA § 19-9-1 (a) but only "so as to provide for *temporary* child custody orders under certain conditions" and for certain other unrelated purposes. (Emphasis supplied.) Ga. L. 1983, p. 632. In particular, the legislative history of the Act reflects that by amending the second sentence in OCGA § 19-9-1 (a), the legislature intended only to provide authority for the issuance of *temporary* and not permanent custody orders in those circumstances where "an application for divorce is pending." See generally Ga. L. 1983, p. 632.

Accordingly, we find that the trial court erred in entering a "Permanent Order Of Custody" before divorce was granted. This order

must be set aside, and we will remand the case back to the trial court to determine whether, pending resolution of the divorce application, a *temporary* order pertaining to the disposition of the child is necessary.

In the ultimate resolution of this matter, the trial court may look into *all the circumstances,* including the state of health of the parents, and exercise its discretion to "determine solely what is for the *best interest of the child*" and what will best promote his welfare and happiness, and make its determinations accordingly. (Emphasis supplied.) OCGA § 19-9-3 (a); see generally OCGA § 19-9-1 (a).

In attempting to reach a determination regarding the best interest of the child, the superior court has the power, in any proceeding where the issue of child custody is contested, to compel either or both parents to submit to examination and evaluation by a court-appointed clinical psychologist or psychiatrist. See generally OCGA §§ 15-6-8 (6); 15-6-9 (8); compare *In the Interest of E. P. N.,* 193 Ga. App. 742 (388 SE2d 903); see also OCGA § 19-9-3 (a). The mental health of the parents is an inherent and vital part of their overall "state of health," within the meaning of OCGA § 19-9-4 (a), and can be a critical factor in determining the best interest of the child.

Our state constitution provides that "[p]rotection to person and property is the paramount duty of government." Ga. Const. of 1983, Art. I, Sec. I, Par. II. "This constitutional right of protection extends equally to children as well as to adults" (*In the Interest of E. P. N.,* supra at 749 (2) (c)), and provides further basis for the discretionary power of the trial court to compel either or both parents, where the issue of custody is contested, to submit to psychological or psychiatric examination and evaluation when deemed necessary to a determination concerning the best interest of the child.

*Judgment reversed and case remanded with direction. Banke, P. J., and Cooper, J., concur.*

DECIDED MAY 1, 1990.

*Griner & Alderman, Elsie H. Griner,* for appellant.
*George M. Saliba II,* for appellee.