[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14641
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-00068-BAE-GRS

BLOCKER FARMS OF FLORIDA, INC.,

Plaintiff - Appellant,

versus

BUURMA PROPERTIES, LLC,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(June 13, 2016)

Before JORDAN, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Blocker Farms of Florida, Inc. appeals the district court's grant of Buurma Properties, LLC's motion for summary judgment based on the affirmative defense of res judicata.  Whether res judicata bars a claim is a question of law that we review *de novo*.[1]  *Ragsdale v. Rubbermaid, Inc.,* 193 F.3d 1235, 1238 (11th Cir. 1999).  In Georgia, "[t]hree prerequisites must be satisfied before res judicata applies—(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." *Waldroup v. Greene Cty. Hosp. Auth.*, 463 S.E.2d 5, 7 (Ga. 1995); *see also* O.C.G.A. § 9-12-40.  For the third prong of this test to be met, the judgment must be final.  *See* O.C.G.A. § 9-12-40 ("A judgment of a court of competent jurisdiction shall be conclusive . . . until the judgment is reversed or set aside."); *Mitchell v. Mitchell*, 25 S.E. 385, 386 (Ga. 1896) ("It is only a final judgment upon the merits which prevents further contest upon the same issue . . . .").

After the district court issued its order concluding that Blocker Farms's claim was barred based on res judicata because the parties had previously litigated the issue in the Superior Court of Tattnell County, the Court of Appeals of Georgia vacated the superior court's judgment and remanded the case to the superior court.

---

[1] When giving a state-court judgment preclusive effect, we apply the res judicata law of the state whose court rendered the judgment. *Kizzire v. Baptist Health Sys., Inc.,* 441 F.3d 1306, 1308 (11th Cir. 2006).

2

Thus, there has not been a previous adjudication on the merits by a court of competent jurisdiction. *See* O.C.G.A. § 9-12-40. Accordingly, we vacate the district court's opinion and remand for further proceedings.[2]

**VACATED AND REMANDED.**

---

[2] We note that the district court has the discretion to stay the proceedings pending the parallel state litigation under the abstention doctrine set out in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 998 (11th Cir. 2004). We express no opinion as to whether now the district court should exercise its discretion.

3