## 29423. McDONALD v. McDONALD.

UNDERCOFLER, Presiding Justice.

Mrs. Anna T. McDonald filed contempt proceedings against her former husband, Dr. Lawrence P. McDonald, for failure to make certain payments required by their divorce decree. By order entered December 17, 1973, the trial judge found him in wilful contempt and ordered him incarcerated but provided, "such incarceration is suspended upon the conditions stated in this Order." The conditions complained of here are stated in the order as commands and provided in substance that (1) appellant spend his full time practicing medicine so that he can make the payments required by the divorce decree, (2) appellant take no out of town trips without approval of the court, and (3) all litigation between the parties be enjoined.

1. "The only issue at the hearing of a rule for contempt on account of a failure to pay the temporary

alimony awarded is the ability or inability of the husband to make the delinquent payments." *Coleman v. Coleman,* 205 Ga. 92, 93 (52 SE2d 438). The trial judge found the appellant in wilful contempt and that finding is not attacked. The attack is upon the conditions specified under which the appellant could purge the contempt. A trial judge is authorized to provide a reasonable method of discharging the contempt. See *Roberts v. Roberts,* 229 Ga. 689, 691 (194 SE2d 100). A reading of an order of March 20, 1974, signed April 12, 1974, in our opinion, amends the order of December 17, 1973, attacked here, and deletes the commands that appellant practice medicine and take no out of town trips without approval of the court. It is clear to us that the court in the amended order merely decreed that the appellant was capable of earning sufficient income as a medical doctor to pay the sums required by the divorce decree; and that the court would not alter its findings that appellant was able to pay, or purge the past contempt, if he deliberately changed his occupation and reduced his earnings so as to become incapable of making such payments. We do not construe the amended order as commanding the appellant to practice medicine. We construe it as a condition by which the appellant could purge himself of a past contempt. Under the facts of this case it is not an unreasonable condition. See *Johnson v. Johnson,* 131 Ga. 606, 608 (62 SE 1044); *Boyett v. Boyett,* 192 Ga. 604 (15 SE2d 871); *Arnold v. Arnold,* 195 Ga. 304 (24 SE2d 12). On the contrary it is apparent from the record that the trial judge was attempting to fashion reasonable conditions for a purge of the contempt in order to avoid incarcerating a man he described as "most highly respected . . . in his field and in his medical career . . . not a blemish on his record . . . of great ability and great honor in his profession." We find no denial of rights under the First and Fourteenth Amendments to the United States Constitution as contended by appellant.

2. The trial court erred in enjoining the parties from proceeding with all other litigation or cases in which they were involved. The injunction is too broad. It is directed that this injunction be deleted from the order.

3. Appellant contends that he is entitled to "a credit

for all payments made by him pursuant to the temporary order while the final judgment of divorce was pending appeal." We do not agree. As stated in *Bickford v. Bickford,* 228 Ga. 353, 355 (185 SE2d 756), "The fact that the final judgment rendered had not awarded to the wife periodic payments of permanent alimony is not ground for not requiring the husband to continue the temporary alimony payments pending final determination of the case. . . 'A judgment for temporary alimony continues in full force and effect until a final judgment in the case, until the termination of the litigation in all courts, and as long as the case is pending, including litigation in the Supreme Court. (Citations). The judgment cannot be treated as final so long as either party has the right to have it reviewed by the Supreme Court. (Citation).' "

*Hicks v. Hicks,* 227 Ga. 58 (178 SE2d 899) involved the authority of the trial court to hold a husband in contempt of a temporary alimony decree when it had declared it had no jurisdiction to enter a permanent alimony award because of a pending divorce suit in a foreign state. See *Hicks v. Hicks,* 226 Ga. 798 (177 SE2d 690); *Meeks v. Meeks,* 209 Ga. 588 (4) (74 SE2d 861). The case is limited to the peculiar facts and circumstances presented there. It has no application here.

*Judgment affirmed with direction. All the Justices and Judge Claude D. Shaw concur. Ingram, J., disqualified.*

ARGUED JANUARY 16, 1975 — DECIDED FEBRUARY 11, 1975 — REHEARING DENIED MARCH 12, 1975 AND MARCH 25, 1975.

*Flournoy & Still, Richard H. Still, Frank W. Virgin, George G. Finch,* for appellant.
*Jack P. Turner, Raymond M. Reed,* for appellee.