## 33154. NICOL v. NICOL.

HALL, Justice.

While the appeal of the final judgment in the divorce case of these parties was pending in this court,[1] appellant was found in contempt for failure to comply with the temporary child support order,[2] which remained in effect while the permanent decree was superseded. This is the appeal from the contempt citation, and modifications of the temporary order made at the same time.

1. Appellee urges that we dismiss this case as moot in light of our affirmance of the final decree. That decree provides for larger alimony and child support payments than the temporary decree. If the final decree is effective as of the date judgment was rendered, and the greater permanent alimony and child support payments came due during the appeal, then it is argued, appellant owes more than the amount he was ordered to pay in the contempt citation.

The effect of the supersedeas of the final judgment was to suspend all proceedings for the enforcement of the judgment, and when the judgment was affirmed it had full force and effect as of the date it was entered. *Tanner v. Wilson,* 184 Ga. 628, 633-634 (192 SE 425) (1937) and cits. The greater sums for permanent alimony and child

---

[1] *Nicol v. Nicol,* 240 Ga. 384 (240 SE2d 703) (1977).

[2] Appellant complied with the temporary alimony order.

support which came due during the pendency of the appeal must be paid, subject to a set-off of temporary alimony and child support paid for the same time period.

It appears that rather than owing just $160 in back temporary child support payments, appellant may owe substantially more in back permanent child support payments. Likewise, rather than owing $20 more per month in temporary alimony under the modification of the temporary order he complains of, appellant may owe $50 more per month for the entire pendency of the appeal. However, this appeal is not moot.

If for no other reason, this case is not moot because appellant was ordered to pay $250 in attorney fees because of the finding of wilful contempt. This award was not made as additional temporary alimony, but rather as compensation for fees incurred in the contempt. Therefore, we consider the merits of the appeal.

2. No notice was given of the hearing on contempt of the temporary child support order. In fact, there was no motion before the court to hold appellant in contempt of the temporary decree. Appellant's counsel timely objected to the decision of the court to consider contempt of the temporary order on its own motion, and stated that appellant was not prepared to defend this charge. We reverse the finding of contempt and award of attorney fees. *Barnes v. Tant*, 217 Ga. 67, 72 (121 SE2d 125) (1961).

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 17, 1978 — DECIDED FEBRUARY 7, 1978.

*Jack P. Turner,* for appellant.

*Westmoreland, Hall, McGee and Warner, P. Joseph McGee,* for appellee.