## 33109. KRISTENSEN v. KRISTENSEN.

PER CURIAM.

This is an appeal by the former husband in a divorce and alimony action filed by the former wife.

The wife filed a divorce action on September 16, 1975, alleging cruel treatment. After a temporary order was entered, the parties reconciled on December 23, 1975, and lived together as husband and wife until April 6, 1976, when they again separated. The wife amended her petition on May 25, 1976, alleging that the reconciliation was conditional and that defendant had thereafter committed further acts of cruel treatment. The husband filed a plea to the jurisdiction, alleging that he had become a resident of Clayton County after the second separation. The trial court overruled his plea to the jurisdiction and he appealed to this court. The appeal was dismissed in 238 Ga. 294 (232 SE2d 564) (1977) as not being from a final judgment. The trial court then granted a divorce on the pleadings. On the final hearing the court awarded the former wife certain property, a lump sum settlement and attorney fees. The former wife remarried between the time the divorce was granted and the date of the final hearing.

1. The first and second enumerations of error contend that the trial court erred in allowing the appellee to amend her original petition after the reconciliation and in overruling appellant's plea to the jurisdiction.

In *Brewer v. Brewer,* 205 Ga. 759 (1) (55 SE2d 147) (1949), this court held: "Condonation and cohabitation after filing a suit for divorce, if conditioned upon the promise of the defendant not to again be guilty of the acts charged in the petition, will not prevent the plaintiff from proceeding with the original petition for divorce in the event of a breach of the condition and agreement on the part of the defendant. *Ozmore v. Ozmore,* 41 Ga. 46; *Stanley v. Stanley,* 178 Ga. 814 (174 SE 531)."

The trial court did not err in allowing appellee to amend her petition as set out above and in overruling appellant's plea to the jurisdiction.

2. The third enumeration of error contends the trial court erred in awarding alimony and attorney fees. The

appellant argues that since the wife had remarried prior to entry of the final judgment, alimony and attorney fees are barred by Code Ann. § 30-209.

In *Coleman v. Coleman,* 240 Ga. 417 (1977), this court held under similar facts that attorney fees are a part of temporary alimony. Thus, remarriage did not preclude such an award. The court also held that the remarriage did not preclude a property division where prayed for by either party, but any lump sum or periodic alimony was barred by the remarriage of the former wife prior to the entry of the final judgment.

The trial court did not err in making a property division and in awarding attorney fees, but the lump sum award of $2,642 must be written off under the decision in *Coleman,* supra.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Nichols, C. J., and Hill, J., who dissent.*

ARGUED JANUARY 16, 1978 — DECIDED FEBRUARY 7, 1978.

*Howell W. Ragsdale, Jr.,* for appellant.
*Westmoreland, Hall, McGee & Warner, Glenda L. Sullivan, Claude E. Hambrick,* for appellee.

NICHOLS, Chief Justice, dissenting.
I respectfully dissent for the reasons stated in the dissenting opinion in *Coleman v. Coleman,* 240 Ga. 417 (1977).