## 35059, 35060. GLADNEY v. BEARDEN; and vice versa.

NICHOLS, Chief Justice.

1. The former wife remarried after entry of the final judgment and decree of divorce but before denial of the husband's motion for new trial. In reliance upon *Coleman v. Coleman,* 240 Ga. 417 (240 SE2d 870) (1978) and *Kristensen v. Kristensen,* 240 Ga. 670 (242 SE2d 132) (1978), the husband contends in his sole enumeration of error briefed in this court that her remarriage at that time bars her right to recover periodic payments of the lump sum award of alimony as provided for in the final judgment and decree. The *Coleman* and *Kristensen* cases, supra, pertain alone to remarriage before entry of final

judgment and decree and are inapplicable where, as in the present case, the final judgment and decree had been entered prior to remarriage. Although enforcement of the final judgment and decree was suspended during the pendency of the motion for new trial, the order of the trial court denying the motion had the effect of affirming the final judgment and decree as of the date it was entered. *Nicol v. Nicol,* 240 Ga. 673 (242 SE2d 129) (1978).

2. The trial court did not abuse its discretion regarding payment of the alimony and sale of the parties' marital residence.

3. The motion for imposition of sanctions filed by the former wife is denied.

*Judgments affirmed on the appeal and cross appeal. All the Justices concur.*

ARGUED JULY 9, 1979 — DECIDED SEPTEMBER 10, 1979.

*Richard L. Powell,* for appellant.
*Elizabeth M. Leonard,* for appellee.