## 58586. CALE v. CALE.

QUILLIAN, Presiding Judge.

This appeal was taken from a judgment for the plaintiff in a garnishment proceeding based on a

judgment for alimony and child support. On April 6, 1978, the defendant was ordered to pay $1,500 per month to the plaintiff as alimony and child support. A temporary alimony award was in effect in the amount of $1,000. The defendant appealed and the remittitur from the Supreme Court affirming the judgment was entered on November 22, 1978. The plaintiff sought garnishment for the difference between the amount awarded by final judgment and the amounts paid by the defendant under the temporary order for the period of April through December 1978.

After a hearing on defendant's traverse of the garnishment, the trial judge found for the plaintiff in the sum of $5,736.14. On appeal, the defendant contends: "1. The trial court erred in finding that Appellant was obligated under the final judgment and decree from April 6, 1978 where a temporary order was neither vacated nor modified, and the judgment was not final until November 22, 1978. 2. The trial court erred in finding that Appellant owed $5,736.14 in that there was no evidence to support this finding." *Held:*

1. We admit some difficulty in reconciling the decisions of the Supreme Court involving matters related to the question at issue. See *Brown v. Brown,* 224 Ga. 90 (160 SE2d 343); *Hicks v. Hicks,* 227 Ga. 58 (178 SE2d 899); *Bickford v. Bickford,* 228 Ga. 353 (185 SE2d 756); *McDonald v. McDonald,* 234 Ga. 37 (214 SE2d 493). However, it is not our province to ascertain whether equitable treatment results in other cases not involving the factual situation with which we are presented. Our constitutional duty is to obey and follow the rulings of the highest court of this state.

*Nicol v. Nicol,* 240 Ga. 673 (242 SE2d 129) is controlling here. In that case, the final decree provided for larger alimony and child support payments than the temporary decree. The court held: "The effect of the supersedeas of the final judgment was to suspend all proceedings for the enforcement of the judgment, and when the judgment was affirmed it had full force and effect as of the date it was entered. *Tanner v. Wilson,* 184 Ga. 628, 633-634 (192 SE 425) (1937) and cits. The greater sums for permanent alimony and child support which

came due during the pendency of the appeal must be paid, subject to a set-off of temporary alimony and child support paid for the same time period." The first enumeration of error is without merit.

2. We find no basis in the record to sustain the trial judge's finding as to the amount owed. We have examined a letter sent by defendant's counsel to the plaintiff's counsel. This letter contains amounts defendant contends should be credited against the alimony and child support due. However, the letter which was mailed after completion of the hearing was neither introduced into evidence nor stipulated to by the parties. Moreover, we can not treat the amount credited in the judgment as having been acquiesced in by the defendant since the trial judge did not approve the total amount set forth but accepted some figures and rejected others. Therefore, the judgment must be reversed and remanded for a hearing as to the amount due after crediting the defendant with payments made under the temporary decree.

*Judgment reversed and remanded. Smith and Birdsong, JJ., concur.*

SUBMITTED OCTOBER 17, 1979 — DECIDED JANUARY 11, 1980.

*Scott McLarty,* for appellant.
*John P. Manton,* for appellee.