## 39157. DuBOIS v. DuBOIS.

MARSHALL, Presiding Justice.

The parties' final divorce and alimony judgment was entered on March 17, 1977, and affirmed on December 5, 1977. *DuBois v. DuBois,* 240 Ga. 314 (240 SE2d 706) (1977). During the pendency of the former appeal, the defendant-husband (appellee) continued to pay the amounts of alimony and child support which had been provided in a November 16, 1976, temporary order. Additionally, he made payments on the mortgage, taxes, insurance, home air conditioning loan, and utilities on the marital residence; monthly payments and insurance on the automobile; and payments of medical bills incurred in connection with the wife's pregnancy during that period of time.

Both parties filed motions for contempt. The plaintiff-appellant wife contended that the appellee-husband had paid *less* alimony and child support pending the former appeal than the final judgment awarded; the husband contended that he had paid *more.* The trial

judge ruled in favor of the husband, granting his contempt motion and holding that he was entitled to a credit for overpayment pending the former appeal. The wife, whose contempt motion was denied, appeals. *Held:*

When the final decree was affirmed on December 5, 1977, it had full force and effect as of the March 17, 1977, date it had been entered. *Gladney v. Bearden,* 244 Ga. 208 (1) (259 SE2d 462) (1979) and cit. In cases where the final decree awarded *higher* alimony and child-support payments than did the temporary order, our appellate courts have held that the greater sums of alimony and child support which came due during the pendency of the appeal must be paid subject to a set-off for the temporary alimony and child support paid during the pendency of the appeal. *Nicol v. Nicol,* 240 Ga. 673 (1) (242 SE2d 129) (1978); *Cale v. Cale,* 153 Ga. App. 57 (1) (265 SE2d 71) (1980). Under the same reasoning, it is only equitable that a credit should be allowed in the converse situation where, as here, the final decree awards overall *lower* alimony and child-support payments than did the temporary order when the "maintenance" payments are included. Nor is it inequitable to include the above-mentioned "maintenance" payments made by the husband in addition to the alimony and child-support payments made under the temporary order, inasmuch as the wife had the temporary exclusive use of the marital home and automobile pending the appeal.

Accordingly, the trial judge did not err in granting the motion for contempt of the husband and denying that of the wife.

*Judgment affirmed. Hill, C. J., Clarke, Smith, Gregory and Bell, JJ., and Judge Curtis V. Tillman, concur. Weltner, J., disqualified.*

DECIDED NOVEMBER 22, 1982.

*Decker, Cooper & Hallman, Richard P. Decker, Robert A. Moss,* for appellant.
*Davis, Matthews & Quigley, Baxter L. Davis,* for appellee.