## S10A0929. ROBINSON v. ROBINSON.
### (700 SE2d 548)

HINES, Justice.

This Court granted the application for discretionary appeal of Tonja Robinson ("Wife") from the trial court's order on a petition for contempt in this divorce case, and we affirm in part and reverse in part that judgment.

Tonja Robinson filed a complaint for divorce from Edward Robinson, Jr. ("Husband") in 2007. On July 31, 2007, the trial court entered a temporary order, requiring Husband to pay $3,431 per month in child support for the couple's three minor children, and to provide health and dental insurance for the children and Wife. Husband was also ordered to pay $3,000 per month in temporary alimony beginning on August 1, 2007, and name the children as beneficiaries on an existing life insurance policy.

On November 5, 2008, after a bench trial, the trial court entered what it denominated a "Final Judgment and Decree," which required, among other things, that Husband pay $5,440.65 per month in child support, name Wife as successor trustee on his life insurance policy, and pay one-half of his children's uncovered medical expenses. The "Final Judgment and Decree" provided for lump sum permanent alimony to be paid to Wife, but not periodic permanent alimony. On April 30, 2009, the trial court entered an order on Wife's request for attorney fees, which had not been addressed in the "Final Judgment and Decree" of November 5, 2008. On May 15, 2009, Husband filed an application for discretionary appeal in this Court, which this Court denied as frivolous. See *Wright v. Wright,* 277 Ga. 133 (587 SE2d 600) (2003). After that denial, the remittitur from this Court was entered in the trial court on July 28, 2009.

On July 13, 2009, Wife filed a motion for contempt with the trial court, alleging, inter alia, that Husband had failed to fully pay alimony, child support, and medical expenses, as set forth in the temporary order. On August 21, 2009, Wife filed an amended motion for contempt which sought child support for the months of June, July, and August 2009, calculated using the $5,440.65 per month award set forth in the "Final Judgment and Decree"; she also sought

temporary alimony for those same months, based upon the July 31, 2007 temporary order.

On August 26, 2009, a hearing was conducted on the amended contempt petition.[1] The trial court entered an order on September 30, 2009, finding that Husband was not in contempt. The trial court stated that Husband's child support obligations were controlled by the temporary order until the entry of the remittitur in the trial court on July 28, 2009, and that the higher amount set forth in the final decree did not take effect until the remittitur was entered, and such higher amount would be due beginning with the payment required for August 2009.

The trial court also addressed Wife's claims for temporary alimony for the months of June, July, and August 2009, while Husband pursued an appeal. The court reasoned that, as Wife was not entitled to periodic permanent alimony under the "Final Judgment and Decree" of November 5, 2008, and the "Final Judgment and Decree" was essentially affirmed by this Court's denial of Husband's application for discretionary appeal, the trial court's ruling that no periodic permanent alimony would be due was effective as of the date the order memorializing that decision was filed (i.e., November 5, 2008), and Husband was thus not obligated to pay temporary alimony for the months of June, July, and August 2009. Consequently, he could not be held in contempt for failing to do so.

Wife appeals the order of September 30, 2009.

1. This appeal presents the question of at what point in time do awards of temporary alimony and child support cease to be effective when a final judgment and decree of divorce makes permanent awards in amounts different from those in the temporary order, appeal is sought on the final judgment and decree of divorce, and the case is returned to the trial court with the permanent alimony and child support awards intact, either by the denial of the application, as in this case, or otherwise.

It is unquestioned that the application for discretionary appeal, and any resulting notice of appeal, operate as supersedeas of the trial

---

[1] Husband asserts that he was not given adequate notice of Wife's seeking child support for June, July, and August 2009, calculated at the higher rate set forth in the "Final Judgment and Decree" as the issue was not raised in the pleadings until the amendment to the petition for a contempt citation, filed August 21, 2009, five days before the August 26, 2009 hearing. See *Hedquist v. Hedquist*, 275 Ga. 188 (563 SE2d 854) (2002). Husband objected at the hearing to the court's consideration of any claims asserted in the amended contempt petition, on this ground. However, he has not filed a cross-appeal challenging the trial court's consideration of the issues raised in the amendment, see *Georgia Society of Plastic Surgeons v. Anderson*, 257 Ga. 710, 711 (1) (363 SE2d 140) (1987), and lack of adequate notice was not a basis for the trial court's decision on the issue.

court's final order during the pendency of the application and appeal. OCGA §§ 5-6-35 (h); 5-6-46 (a). The operative question is, upon return of the remittitur, do permanent awards in the final judgment and decree take effect as of the date of the entry of the remittitur, or do such awards "relate back" to the date of the final judgment and decree, with adjustments then made to reflect any payments made under temporary orders during the pendency of any appellate actions?

Some decisions of this Court support the proposition that awards in a final judgment and decree of divorce are to be enforced as of the date that judgment was entered, with proper adjustments for any payments made pursuant to a temporary award during the pendency of the appeal. In *Nicol v. Nicol*, 240 Ga. 673 (242 SE2d 129) (1978), the permanent awards of alimony and child support were greater than the temporary awards, the final decree was affirmed on appeal, and a contempt citation was sought for failure to fully pay the child support award that came due during the pendency of the appeal. This Court stated:

> The effect of the supersedeas of the final judgment was to suspend all proceedings for the enforcement of the judgment, *and when the judgment was affirmed it had full force and effect as of the date it was entered.* [Cits.] The greater sums for permanent alimony and child support which came due during the pendency of the appeal must be paid, subject to a set-off of temporary alimony and child support paid for the same time period.

Id. at 673-674 (1) (emphasis supplied).

This reasoning was followed in *DuBois v. DuBois*, 250 Ga. 271 (297 SE2d 277) (1982), in which the permanent awards were lower than the temporary awards; the permanent awards were affirmed on appeal, and the husband had paid the higher temporary awards during the pendency of the appeal.

> In cases where the final decree awarded higher alimony and child-support payments than did the temporary order, our appellate courts have held that the greater sums of alimony and child support which came due during the pendency of the appeal must be paid subject to a set-off for the temporary alimony and child support paid during the pendency of the appeal. *Nicol v. Nicol*, [supra at 673 (1)]; *Cale v. Cale*, 153 Ga. App. 57 (1) (265 SE2d 71) (1980). Under the same reasoning, it is only equitable that a credit should be allowed in the converse situation where, as here, the final

decree awards overall lower alimony and child-support payments than did the temporary order when the "maintenance" payments are included.

*DuBois,* supra at 272.

However, a contrary result was reached in *McDonald v. McDonald,* 234 Ga. 37 (214 SE2d 493) (1975). In that case, the husband argued that, as to the payments he was required to make under the divorce decree, he should receive a credit for the amount he had paid under the temporary order during the pendency of the appeal.

As stated in *Bickford v. Bickford,* 228 Ga. 353, 355 (185 SE2d 756) [(1971)], "The fact that the final judgment rendered had not awarded to the wife periodic payments of permanent alimony is not ground for not requiring the husband to continue the temporary alimony payments pending final determination of the case. . . . 'A judgment for temporary alimony continues in full force and effect until a final judgment in the case, until the termination of the litigation in all courts, and as long as the case is pending, including litigation in the Supreme Court. [Cits.] The judgment cannot be treated as final so long as either party has the right to have it reviewed by the Supreme Court. [Cit.]' "

*McDonald,* supra at 39 (3). This precedent was followed in *Langley v. Langley,* 279 Ga. 374, 375 (1) (613 SE2d 614) (2005), which rejected the argument that payments of temporary alimony should offset one party's obligation to pay the other $25,000 in lump sum permanent alimony. And the principle that a temporary award prevails until a permanent award becomes final has oft been repeated. See, e.g., *Shepherd v. Shepherd,* 233 Ga. 228, 232 (210 SE2d 731) (1974) ("Until the permanent award of alimony becomes final, the parties are bound by the interlocutory order of the trial court.").

It has been recognized that there is "some difficulty in reconciling the decisions" of this Court regarding this issue. *Cale v. Cale,* 153 Ga. App. 57 (265 SE2d 71) (1980). And that difficulty is illustrated in this case; the trial court applied the *Nicol* line of precedent to find that Husband could not be held liable for failing to pay temporary alimony for the months of June, July, and August 2009, as the November 5, 2008 decree awarded no periodic permanent alimony, and after the entry of the remittitur, the permanent award was to be enforced as of the date of its entry. However, in addressing the claim for child support payments, the trial court followed the *McDonald* line of precedent, stating that Husband's "child support obligations

were controlled by the Temporary Order until the *Remittitur* was filed on July 28, 2009. The higher amount took effect as of the payment next due after said date. Therefore, [Husband] shall pay [Wife] the difference due for August instanter." However, there is no basis to treat awards of alimony and child support differently in this context; this Court has determined that "alimony includes support for a spouse or for a child or children." *Jones v. Jones*, 280 Ga. 712, 715 (2) (632 SE2d 121) (2006). "[A]n award of child support always constitutes alimony if it is made in a divorce decree proceeding . . . ." *Spurlock v. Dept. of Human Resources*, 286 Ga. 512, 513 (1) (690 SE2d 378) (2010). Thus, the differing *Nicol* and *McDonald* precedent must be resolved.

*Langley*, supra, sheds light on the subject. In addressing the argument that payments made pursuant to an award of temporary alimony should offset an obligation to pay lump sum alimony pursuant to an antenuptial agreement, this Court noted that

> [t]he very nature of temporary alimony militates against the offset of such amounts. A provision for temporary alimony is different in character and purpose from an award of permanent alimony because it is intended to meet the exigencies arising out of the domestic crisis of a pending proceeding for divorce; it takes into account the peculiar necessities of the spouse at that time and provides the means by which that spouse may contest the issues in the divorce action. *Coleman v. Coleman*, 240 Ga. 417, 420 (2) (240 SE2d 870) (1977); see also *Scott v. Scott*, [251 Ga. 619, 620 (3) (308 SE2d 177) (1983)]. In fact, this Court has determined that a spouse is not entitled to credit against permanent alimony for payments made by that spouse pursuant to a temporary order while the final judgment of divorce is pending appeal. *McDonald*[, supra at 39 (3)].

*Langley*, supra at 375 (1). That temporary and permanent alimony have distinctly different characters and purposes has long been recognized in the decisions of this Court. See, e.g., *Chlupacek v. Chlupacek*, 226 Ga. 520 (175 SE2d 834) (1970); *Childs v. Childs*, 203 Ga. 9 (3) (45 SE2d 418) (1947); *Black v. Black*, 150 Ga. 672 (104 SE 775) (1920); *McGee v. McGee*, 10 Ga. 477 (1851). Clearly, the purposes of temporary alimony continue throughout the contest of the divorce, including appeal in this Court, should that occur; it is at the termination of such litigation that the purposes of permanent alimony prevail. We therefore hold that *McDonald* and similar cases represent the proper rule; if not otherwise altered by the trial court, a temporary award continues in effect until the entry of the

remittitur in the trial court, and it is from that date forward that any permanent award in a final judgment and decree of divorce has effect. *Nicol* and cases following its reasoning on this issue are hereby overruled. See, e.g., *DuBois*, supra; *Gladney v. Bearden*, 244 Ga. 208, 209 (1) (259 SE2d 462) (1979); and *Cale*, supra.

Accordingly, the trial court erred in ruling that Husband was not obligated for temporary alimony amounts that had come due before the entry of the remittitur in the trial court. The trial court correctly ruled that, as to child support, the temporary award remained in effect until the date the remittitur was entered.

2. Wife contends that the trial court erred in not finding Husband in contempt for failing to pay child support for the months of July and August 2009. To the extent that this issue was properly presented to the trial court in the context of Wife's amended motion for contempt seeking child support for those months based upon the "Final Judgment and Decree," there was no error in failing to find Husband to be in contempt of the temporary order. See Division 1, supra. Husband testified that he had attempted to deliver the July 2009 payment by certified mail with return receipt requested, that Wife had never claimed the letter from the post office, and that because of that circumstance, he brought the payment for July and August 2009 to the hearing on August 26, 2009. There was no abuse of the trial court's broad discretion. See *Crowder v. Crowder*, 236 Ga. 612 (225 SE2d 16) (1976).

3. The final judgment and decree of divorce awarded Husband the marital residence, and stated that he "shall take all steps necessary to remove [Wife's] name from the mortgage." Husband testified that given the vagaries of the real estate market and his own financial situation, he had been unable to refinance the property in his own name or otherwise accomplish the removal. The trial court found that he "demonstrated the need for additional time to allow for refinancing of the mortgage on the parties' former marital residence in order to remove [Wife's] name from the mortgage. His failure to pay off the mortgage balance does not constitute contempt." Wife contends that in so doing, the trial court impermissibly modified the divorce decree.

> A court may not modify a previous decree in a contempt order. [Cit.] However, a court may always interpret and clarify its own orders. [Cits.] The test to determine whether an order is clarified or modified is whether the clarification is reasonable or whether it is so contrary to the apparent intention of the original order as to amount to a modification. [Cit.] "The trial court has the power to see that there be compliance with the intent and spirit of its decrees and

no party should be permitted to take advantage of the letter of a decree to the detriment of the other party." [Cit.] The trial court in a contempt case has wide discretion to determine whether [its] orders have been violated. [Its] determination will not be disturbed on appeal in the absence of an abuse of discretion.

*Cason v. Cason,* 281 Ga. 296, 297 (1) (637 SE2d 716) (2006). The trial court did not modify the decree; there was evidence to support its conclusion that Husband's actions were in compliance with the decree.

4. The decree also stated that Husband was to maintain his existing life insurance policy in the amount of $3,000,000, with the couple's children to be named as beneficiaries, and that Husband was to name Wife as "Successor Trustee to [Husband's] mother, who is presently named as the trustee." The decree declared that Husband could replace the current policy "with one of comparable face value and death benefits. Should he do so he shall name [Wife] as Trustee on behalf of the children as beneficiaries." Husband testified that the insurance policy is owned by an irrevocable life insurance trust established for estate tax purposes, and that for him to exercise such control over the policy at this point would defeat the purposes of that tax planning, to the eventual detriment of the children. In its order, the trial court ruled that Husband was not in contempt as to this issue, and declared that he was "relieve[d] of any obligation to name [Wife] as Successor Trustee to his mother . . . ." In so doing, the trial court impermissibly modified the divorce decree. Although the intent expressed in the decree was to establish, and preserve, $3,000,000 in life insurance for the benefit of the children, the decree was also clear as to the specific action Husband was to take; relieving him of that obligation was not merely a clarification of the decree. Id. Accordingly, the trial court's order as to contempt on this issue is reversed, and the matter is remanded to that court for consideration consistent with this opinion. See *Smith v. Smith,* 281 Ga. 204, 207 (2) (636 SE2d 519) (2006).

5. Finally, Wife contends that the trial court erred in denying her motion for attorney fees which she contends were needed to prosecute her petition for contempt. Although the trial court awarded Wife attorney fees reflecting expenses for prosecuting and defending other matters, the court found that Husband had not been shown to be in contempt, and therefore Wife was not entitled to attorney fees regarding her contempt petition. See *McGahee v. Rogers,* 280 Ga. 750, 754 (2) (632 SE2d 657) (2006). However, as the trial court must revisit its ruling regarding contempt, see Division 4, supra, the trial court's order as to this issue is also reversed, and this matter is

remanded to that court for consideration consistent with this opinion.

*Judgment affirmed in part, reversed in part, and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 4, 2010.

*Deanna H. Powell, Celeste F. Brewer*, for appellant.
*Jonathan B. Mason*, for appellee.