**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 6, 2021**

# In the Court of Appeals of Georgia

A21A0892. FRITH v. HARVEY.

GOBEIL, Judge.

Christopher Lee Frith appeals from the trial court's order finding that a February 2012 child support order remained enforceable during a time when a temporary order terminated Frith's obligation to pay that child support. For the reasons that follow, we reverse.

Frith and Melinda Dawn Harvey are the parents of twin daughters born in December 2000. The parties were never married. In 2010, Harvey filed a complaint for child support against Frith. The trial court subsequently entered an order directing Frith to pay Harvey $1,150 per month in child support starting on November 1, 2010. In February 2012, the parties entered into a consent order in which Frith legitimated the children; the parties were awarded joint legal custody of the children, with Harvey

as the primary physical custodian; and Frith retained his obligation to pay $1,150 per month in child support.[1]

In 2013, Frith filed a petition to modify custody. In a February 2014 "Temporary Order," the trial court awarded Frith temporary primary custody of the children and "terminated" Frith's child support obligation "effective February 28, 2014." The Temporary Order did not contain an expiration or termination date, nor did it specify any contingencies, time or other limitations upon its effectiveness. Frith's 2013 custody modification action was ultimately dismissed for want of prosecution by an order entered on April 24, 2018.

On September 25, 2018, Harvey petitioned to have Frith held in contempt for failing to pay child support. Harvey sought, among other things, collection of child support from when the children resumed living with her in July 2014. The trial court ultimately issued an order in March 2020 regarding the enforceability of the February 2012 final order. Although the trial court made no contempt ruling, it concluded that "the temporary relief obtained by [Frith] in his modification [action] did not survive the dismissal on April 24, 2018." The trial court observed that "[t]he temporary

---

[1] The original order was entered in December 2011, and an amended and corrected order was entered in February 2012.

2

abatement in a dismissed action does not operate as a defense to a contempt proceeding [filed against] the party who sought but later abandoned such abatement." Consequently, the trial court determined that the February 2012 consent order — under which Frith was obligated to pay $1,150 per month in child support - remained enforceable. The trial court certified its decision for immediate review and Frith filed an application for interlocutory appeal, which this Court granted. This appeal followed.[2]

When reviewing an order in a child custody case, "we apply a de novo standard of review to any questions of law decided by the trial court." *Saravia v. Mendoza*, 303 Ga. App. 758, 758 (695 SE2d 47) (2010) (citation and punctuation omitted).

Frith contends that the trial court erred in finding that his child support obligation under the February 2012 consent order continued during the time period in which the parties were subject to the February 2014 Temporary Order that terminated Frith's child support payment. For the following reasons, we agree.

---

[2] In her brief, Harvey makes an assertion that Frith's notice of appeal was untimely. In support she, references a November 9, 2020 consolidation order and Frith's amended notices of appeal filed on December 17, 2020 and January 6, 2021. However, Frith's application for interlocutory appeal in A20I0231 was granted on June 24, 2020. Frith then filed an amended notice of appeal within 10 days, on June 29, 2020. Thus, there is a timely notice of appeal in this case.

3

"[I]n the usual case there is a temporary order regarding alimony, child support and child custody which binds the parties pending decision and appeal of the final judgment." *Walker v. Walker*, 239 Ga. 175, 176 (236 SE2d 263) (1977). Here, after Frith filed the 2013 modification action, the trial court entered the February 2014 Temporary Order terminating Frith's child support payments pending its final decision. "[A] judgment for temporary alimony continues in force and effect until a final judgment in the case, until the termination of the litigation in all courts, and as long as the case is pending[.]" *Chlupacek v. Chlupacek*, 226 Ga. 520, 522 (3) (175 SE2d 834) (1970). See also *Robinson v. Robinson*, 287 Ga. 842, 846-847 (1) (700 SE2d 548) (2010) ("Clearly, the purposes of temporary alimony continue throughout the contest of the divorce, including appeal in this Court, should that occur; it is at the termination of such litigation that the purposes of permanent alimony prevail. . . [and] if not otherwise altered by the trial court, a temporary award continues in effect until the entry of the remittitur in the trial court, and it is from that date forward that any permanent award in a final judgment and decree of divorce has effect."). It follows that an order temporarily suspending or terminating alimony or child support likewise remains in effect until it is altered by further court order or the litigation terminates. Consequently, the February 2014 Temporary Order terminating Frith's child support

4

obligation remained in effect until April 24, 2018, when the 2013 litigation was dismissed.[3] See *Chlupacek*, 226 Ga. at 522 (3); *Robinson*, 287 Ga. at 846-847 (1).

Because the parties were subject to the Temporary Order, the trial court erred in finding Frith's child support obligation under the February 2012 consent order governed from February 2014 through April 2018 while the Temporary Order was in effect. Accordingly, we reverse the trial court's decision.

*Judgment reversed. Barnes, P. J., and Markle, J., concur.*

---

[3] Frith also argues that he cannot be held in contempt because there was no willful violation of a court order, and that he was entitled to justifiably rely on the plain language of the February 2014 temporary order terminating his child support obligations. We need not address these premature arguments because the trial court did not hold Frith in contempt.