# Court of Appeals
# of the State of Georgia

ATLANTA,  May 12, 2026

*The Court of Appeals hereby passes the following order:*

## A26D0467. KSHITIJ M. VICHARE v. SWATI K. VICHARE.

This is the second appearance of these parties in this Court. In the first appearance, Vichare sought discretionary review of the trial court's consent order confirming an arbitration award entered after both he and his ex-wife consented to binding arbitration in their divorce case ("First Order"). This Court denied that application. See Case No. A26D0226 (Dec. 18, 2025). In his second appearance before this Court, Vichare seeks discretionary review of the trial court's order unfreezing his accounts ("Second Order"). In its order, the court ordered that certain of Vichare's accounts be released and assets paid to his ex-wife as a result of the arbitration award in their divorce case. The applicant's sole argument in this application is that the trial court was without jurisdiction to enter the Second Order because it was entered before the remittitur had issued from the denial of the application for discretionary appeal of the First Order. We do not, however, issue a remittitur from the denial of an application for discretionary appeal. Therefore, this argument is without merit and the application is DENIED. The applicant's motion to strike the late filed response to this application is DENIED as moot.

The respondent has filed a motion for sanctions, arguing that the application contained fraudulent citations, lacked legal foundation, was frivolous, and was made for purposes of delay. We are authorized to impose sanctions when an appeal is determined to be frivolous or taken for purposes of delay. See OCGA § 5-6-6; Court of Appeals Rule 7(e).

While there is ample case-law discussing the necessity for the remittitur to issue

to return jurisdiction to the trial court in a direct appeal, there is not a wealth of case-law explaining that a remittitur does not issue from the denial of an application for discretionary appeal in this Court.[1] Therefore, while the applicant's argument was not legally sound, we do not find that it was frivolous or taken solely for the purpose of delay. Therefore, we DENY the motion for sanctions.[2]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  05/12/2026*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] The Georgia Supreme Court follows a different practice and does issue a remittitur from the denial of an application for discretionary appeal. See *Robinson v. Robinson*, 287 Ga. 842, 842 (700 SE2d 548) (2010) ("Husband filed an application for discretionary appeal in this Court, which this Court denied as frivolous. After that denial, the remittitur from this Court was entered in the trial court[.]") (citation omitted).

[2] We take no position as to whether sanctions are appropriate in the lower court based on the applicant's numerous filings. We caution the applicant that he cannot appeal the same order twice. *Rampersad v. Plantation at Bay Creek Homeowners Ass'n*, 362 Ga. App. 329, 332(2) (868 SE2d 475) (2022) ("[A] party is not entitled to a second appeal from a single order. This holds true even if the first appeal was dismissed without consideration of its merits.") (quotations and citation omitted).